UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

HUEY FARRELL                                    CIVIL ACTION

VERSUS                                          NO: 11-21

HRI LODGING, INC.                               SECTION: R(5)


                         **ORDER AND REASONS**

    In this action under the Family Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA), defendant HRI Lodging, Inc. (HRIL) seeks summary judgment on plaintiff Huey Farrell's FMLA claim.  Because plaintiff was not an eligible employee entitled to leave under the FMLA, the Court GRANTS HRIL's motion for summary judgment on plaintiff's FMLA claim.


**I.    Background**

    Plaintiff Huey Farrell was the Director of Revenue Management at the Chateau Bourbon Hotel in New Orleans, Louisiana operated by defendant HRIL.  Farrell alleges that he was injured

on September 16, 2010 when he slipped on a wet floor in the hotel.  Farrell did not work between September 24 and October 6, 2010, but he returned to work wearing a neck brace on October 7, 2010.  Farrell alleges that when he returned to work, Roy Madding, the Human Resources Manager for the Chateau Bourbon Hotel, told Farrell that he was not allowed to wear the brace and that he would have to remove it.  Farrell alleges that he complied, but that later the same day he told Madding that he was in substantial pain and would need to wear the brace.  Farrell also alleges that he asked to use his remaining three days of sick leave.  In addition, Farrell asserts that he had ample family medical leave available under 29 U.S.C. § 2612.  Farrell alleges that HRIL denied his request for leave and terminated his employment on October 7, 2010.

On January 6, 2011, Farrell filed a complaint in this matter asserting that HRIL's actions violate the FMLA.[1]  Farrell then filed an amended complaint adding claims under the ADA.[2]  HRIL now moves for summary judgment on plaintiff's FMLA claim.

**II.  Standard**

---

[1]   R. Doc. 1.

[2]   R. Doc. 33.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).  The nonmoving party can then defeat the motion by

either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith for and on Behalf of Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

**III. Discussion**

HRIL contends that Farrell's FMLA claim fails as a matter of law because Farrell was not an eligible employee under that statute.  The FMLA entitles eligible employees to twelve work weeks of leave during any twelve-month period because of a

4

serious health condition. 29 U.S.C. § 2612(a)(1). In order to qualify as an eligible employee, an employee must be employed by the employer from whom leave is requested for at least twelve months and for at least 1,250 hours of service during the previous twelve-month period. 29 U.S.C. § 2611(2)(A). Thus, an employee who has been employed for less than twelve months is not entitled to leave under the FMLA. *Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 858 n.1 (5th Cir. 2002).

HRIL asserts that it employed Farrell for less than twelve months and that Farrell therefore was not eligible for leave under the FMLA. HRIL has provided an affidavit by Roy Madding, the Human Resources Manager for the Chateau Bourbon Hotel, and a declaration by Mary Ross, the Payroll Supervisor at the hotel, who state that Farrell began employment on November 16, 2009 and was terminated on October 7, 2010.[3] If these dates are correct, then Farrell fell short of the twelve-month requirement.

Farrell admits that when his employment was terminated on October 7, 2010, he had not been employed by HRIL for twelve months. Farrell argues, however, that when he requested leave on October 7, 2010, he was actually giving HRIL 30 days' notice before taking leave as required under 29 U.S.C. § 2612(e)(2)(B).

---

[3] R. Doc. 8, Ex. A & B.

Under this theory, Farrell asserts, his leave would not have started until November 6, 2010. Farrell argues that he was entitled to FMLA leave, although he was ineligible when he requested leave, because the leave would have commenced after he became an eligible employee. A number of courts have held that an employee who gives 30 days' notice is entitled to FMLA leave if the employee will be eligible when that leave will commence, even if the employee is not eligible at the time the leave is requested. *See, e.g.*, *Gleaton v. Monumental Life Ins.*, 719 F. Supp. 2d. 623, 629 (D.S.C. 2010) (employee is protected under FMLA if requested leave will begin after employee becomes eligible); *Beffert v. Pa. Dept. of Welfare*, No. 05-43, 2005 WL 906362, at *3 (E.D.Pa. Apr. 18, 2005) (same); *see also* 29 CFR § 825.110(d) ("The determination of whether an employee . . . has been employed by the employer for a total of at least 12 months must be made as of the date the FMLA leave is to start."); *Skrjanc v. Great Lakes Power Service Co.*, 272 F.3d 309, 314 (6th Cir. 2001) ("The right to actually take twelve weeks of leave pursuant to the FMLA includes the right to declare an intention to take such leave in the future.").

Even if Farrell's 30 days' notice theory is correct, however, he would not have been eligible for leave on November 6,

2010, and he therefore cannot claim the protections of the FMLA.[4] "There can be no doubt that [a] request-made by an ineligible employee for leave that would begin when [he] would still have been ineligible-is not protected by the FMLA." *Walker v. Elmore County Bd. of Educ.*, 379 F.3d 1249, 1253 (11th Cir. 2004). The crucial issue in determining Farrell's eligibility is the date his employment began. HRIL has provided sworn statements to the effect that Farrell's employment began on November 16, 2009. HRIL therefore asserts that even accounting for the 30-day notice period, Farrell was still ineligible on November 6, 2010 because he was ten days short of the November 16 anniversary date of his employment. Farrell responds by arguing that his employment began on November 5, 2009, when he had a telephone conversation in which HRIL offered him employment and he accepted it,[5] or on November 6, 2009, when HRIL sent him a letter offering him the job.[6] Thus, Farrell contends that he was eligible for leave twelve months later, on November 6, 2010.

HRIL is correct, however, that Farrell's employment did not

---

[4] The Court therefore need not decide whether plaintiff actually gave 30 days' notice or whether he was required to do so under the circumstances.

[5] R. Doc. 15 (Farrell's affidavit).

[6] R. Doc. 10, Ex. A.

begin until November 16, 2009.  Under 29 U.S.C. § 2611(2)(A), FMLA protections extend to an employee who "has been employed" for twelve months.  In 29 U.S.C. § 2611(3), the FMLA defines "employ" by reference to the Fair Labor Standards Act, 29 U.S.C. § 203(g), which defines that term as "to suffer or permit to work."  The Fifth Circuit has interpreted that definition to mean that employment does not commence until the employer is under "an obligation to pay" the employee.  *Walling v. Jacksonville Terminal Co.*, 148 F.2d 768, 769 (5th Cir. 1945).  Likewise, Black's Law Dictionary defines employment as "[w]ork for which one has been hired and is being paid by an employer."  Black's Law Dictionary 604 (9th ed. 2009).

   Under this standard, Farrell's employment did not commence until his actual start date.  HRIL's letter offering employment to Farrell specifies that Farrell's start date would be "[o]n or before November 20, 2009,"[7] and Farrell does not dispute that he actually started working for HRIL on November 16, 2009.  Farrell does not assert that he performed any work for HRIL, or was entitled to compensation for any such work, between the November 5, 2009 offer of employment and his November 16, 2009 start date.  Thus, Farrell's start date, not the date employment was offered,

---

   [7]   R. Doc. 10, Ex. 1.

is the proper measure of when his employment commenced. *See Aquart v. Ascension Health Info. Servs.*, No. A-09-CA-804-AWA, 2011 WL 233587, at *4-5 (W.D. Tex. Jan. 24, 2010) (holding that employment began when employee started to work, not when employer made offer of employment or when employee accepted that offer); *Payne v. State Student Assistance Comm'n*, No. 1:07-cv-0981-DFH-JMS, 2009 WL 1468610, at *7 (S.D. Ind. May 22, 2009) (same).

Since Farrell did not begin to work for HRIL until November 16, 2009, he would not have met the twelve-month eligibility requirement for FMLA leave on November 6, 2010, the date his requested leave purportedly would have commenced. Therefore, Farrell was not protected by the FMLA when he requested leave and was terminated, and his FMLA claim must be dismissed.

Farrell also argues that summary judgment should not be granted because discovery is ongoing. To justify denying or continuing a motion for summary judgment under Fed. R. Civ. P. 56(d), plaintiff must demonstrate (1) why he needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact. *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534-35 (5th Cir. 1999). Farrell has not indicated how any additional discovery will show that he was an eligible employee under the FMLA. Thus, the Court will

not decline to grant summary judgment under Rule 56(d).

**IV.  Conclusion**

For the foregoing reasons, the Court GRANTS HRIL's motion for summary judgment and DISMISSES plaintiff's FMLA claim.

New Orleans, Louisiana, this 10th day of May, 2011.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE